IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02361–PAB–KMT

MICHELLE COYNE,
ASHLEY MICHELLE COYNE, and
EMILY LYNN COYNE,

    Plaintiffs,

v.

JOHN CAMPER,
CITY OF GRAND JUNCTION,
HENRY STOFFEL,
DICK DILLON,
STAN HILKEY,
MESA COUNTY SHERIFF'S OFFICE, and
MISTI LEE SCHNEIDER,

    Defendants.

# ORDER

This matter is before the court on the "Stipulated Motion to Stay the Case Pending Court's Ruling on Motions" (Doc. No. 37, filed December 10, 2010).

The parties request a stay of all proceedings pending a ruling on Defendants' Motion to Dismiss and Plaintiffs' Motion to Amend. All defendants anticipate filing motions to dismiss based on qualified immunity. Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (citing

*Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir.1992) (noting that qualified immunity, if successful, protects official both from liability and the ordinary burdens of litigation, including far-ranging discovery). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the

power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished) (citing cases).

The plaintiffs do not oppose a stay of discovery and other case deadlines pending a ruling on the pending motions. Therefore, any prejudice to the plaintiffs resulting from the stay does

not weigh heavily in this court's analysis.  The parties argue stay of the case would be the most efficient way to conserve time, resources, and effort of the court and all parties involved.  The parties also argue that a stay of the case pending resolution of Defendants' Motions to Dismiss would also help focus the case issues as the parties can then conduct discovery only as to the claims and parties remaining.  Finally, the parties argue that the imposition of a stay will further the ends of economy and efficiency and possibly eliminate the need for discovery.  There is no indication that granting a stay will inconvenience the court or prejudice the interests of persons not parties to this action.

Balancing these factors, the court finds that a stay of discovery and other deadlines is appropriate in this case.  Therefore, it is

**ORDERED** that the "Stipulated Motion to Stay the Case Pending Court's Ruling on Motions" (Doc. No. 37) is **GRANTED**.  All proceedings in this matter are **STAYED** pending ruling on the pending motions.  The deadlines set in the "Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting" are VACATED.  The parties shall file a joint status report within ten days of ruling on the pending or anticipated motions to dismiss to advise if a scheduling conference should be set.

Dated this 14th day of December, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge