IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02361–PAB–KMT

MICHELLE COYNE,
ASHLEY MICHELLE COYNE, and
EMILY LYNN COYNE,

    Plaintiffs,

v.

JOHN CAMPER,
CITY OF GRAND JUNCTION,
HENRY STOFFEL,
DICK DILLON,
STAN HILKEY,
MESA COUNTY SHERIFF'S OFFICE, and
MISTI LEE SCHNEIDER,

    Defendants.

---

**ORDER**

---

This Matter is before the court on "Plaintiffs' Motion for Leave to File Second Amended Complaint and Jury Demand." (Doc. No. 22, filed Nov. 19, 2010 [hereinafter "Mot."].)[1] On December 10, 2010, Defendant Schneider filed her "Memorandum in Opposition to Plaintiffs'

---

[1] On December 3, 2010, the court granted by Minute Order "Plaintiffs' Motion for Leave to Substitute Exhibit 2 for Exhibit 1 to their Motion for Leave to file Second Amended Complaint and Jury Demand" (Doc. No. 26, filed Dec. 3, 2010). (Doc. No. 30.) This presents "Plaintiff's [sic] [Revised] Second Amended Complaint and Jury Demand" (Doc. No. 26–1 [hereinafter "Second Am. Compl."]) as the proposed pleading for review—replacing "Plaintiff's [sic] Second Amended Complaint and Jury Demand" (Doc. No. 22-1) attached to Plaintiffs' Motion.

Motion for Leave to File Second Amended Complaint and Jury Demand" (Doc. No. 38 [hereinafter "Schneider Resp."]), and Defendants Stoffel, Dillon, Hilkey, and the Mesa County Sheriff's Office (hereinafter the "Sheriff Defendants") filed their "Response to Plaintiffs' Motion for Leave to File Second Amended Complaint and Jury Demand" (Doc. No. 39 [hereinafter "Sheriffs' Resp.]).  Plaintiffs filed their "Reply in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint and Jury Demand" on December 20, 2010.  (Doc. No. 46 [hereinafter "Reply"].)

In their Motion, Plaintiffs seek to amend their "First Amended Complaint and Jury Demand" (Doc. No. 4, filed Nov. 26, 2010) to "eliminate certain claims which are statutorily barred and substitute other claims in their stead."  (Mot. at 2.)  Both Defendant Schneider and the Sheriff Defendants oppose Plaintiffs' Motion for reasons to be addressed in turn below.

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for

2

> the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

**A.**     ***Defendant Schneider's Objections***

Defendant Schneider opposes Plaintiffs' Motion primarily on grounds that Plaintiffs' proposed amendments would be futile. First, Defendant Schneider maintains that allowing Plaintiffs to amend to add their claim for false arrest and imprisonment would be futile because this claim does not relate back to the filing of the Plaintiffs' original Complaint (Doc. No. 1, filed Sep. 27, 2010 [hereinafter "Compl."]), pursuant to Fed. R. Civ. P. 15(c), and is therefore barred by the applicable statute of limitations, Colo. Rev. Stat. 13–80–103(1)(a). (Schneider Resp. at 5–9.)

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). Therefore, amendment is futile if the claims are barred by the applicable statute of limitations. *See Bradley v. Val-Mejias,* 379 F.3d

3

892, *901* (10th Cir. 2004).  In such a case, leave to amend is not appropriate unless the new claims relate back to the original complaint under Federal Rule of Civil Procedure 15(c).  *Cf. Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Defendant Schneider maintains that Plaintiffs' false arrest and imprisonment claim (Second Am. Compl. ¶¶ 52–63) does not relate back under Rule 15© because it shares "no common elements" with the malicious prosecution claim alleged in Plaintiffs' original Complaint (Compl. ¶¶ 38–44), and is based on different underlying conduct from that claim—namely, detention, as opposed to prosecution.  (Schneider Resp. at 7–8).

Rule 15 provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading[.]"  Fed. R. Civ. P. 15(c)(1)(B).  "The rationale behind this rule is that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'"  *Benton v. Bd. of Cnty. Comm'rs,* 06–cv–01406–PSF–MEH, 2007 WL 4105175, at *3 (D. Colo. Nov. 14, 2008) (quoting *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 149 n.3 (1983)).  Thus, "[t]he purpose of Rule 15[] is accomplished if the original complaint gives the defendant fair notice that litigation is arising out of a specific factual situation." *Spillman v. Carter,* 918 F. Supp. 336, 340 (D. Kan. 1996) (internal quotations and citations omitted).  Altogether, "[a]s long as there is a 'factual nexus' between the original and amended complaints, the amended claim 'is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the

4

amendment.'"  *Benton,* 2007 WL 4105175, at *3 (quoting *Grattan v. Burnett,* 710 F.2d 160, 163 (4th Cir. 1983)).

As a threshold matter, Defendant Schneider's position that Plaintiffs' false arrest and imprisonment claim should not relate back to Plaintiffs' original malicious prosecution claim because there are "no common elements between the two claims" is irrelevant to the determination of whether the claims both arise from the same factual nexus.  *See Lebere v. Abbott,* 03–cv–01424–WDM–MEH, 2009 WL 2055179, at *5 (D. Colo. July 13, 2009) (noting that if newly proposed claims were required to assert the same legal theory, "there would essentially be a complete bar to any new claims").  Instead, the court must look to whether the claims share common factual basis, regardless of any similarity, or lack thereof, between the elements of those claims.

When properly framed, the court finds that both claims arise from the same alleged conduct of Defendant Schneider.  More specifically, in both iterations of Plaintiffs' complaint, Plaintiffs' allegations against Defendant Schneider focus primarily, if not entirely, on her allegedly false accusations that Officer Coyle sexually assaulted her.  (*Compare* Compl. ¶¶ 9, 21–23, 39–42 *with* Second Am. Compl. ¶¶ 9, 22–24, 31–35, 53–54, 56–58.)  To be sure, the consequences of these accusations differ; in the original Complaint Defendant Schreider's accusations resulted in an allegedly malicious prosecution of Officer Coyle (Compl. ¶¶ 39–43), whereas in Plaintiffs' Second Amended Complaint they resulted in Officer Coyle's allegedly false arrest and imprisonment (Second Am. Compl. ¶¶ 53, 59–60).  However, because Defendant Schneider likely had no direct ability or authority to prosecute, or to arrest and detain, Officer

Coyle, her contribution to each claim is almost necessarily limited to the same factual conduct—her allegedly false accusations of Officer Coyle.

Therefore, because Ms. Schneider's allegedly false accusation underlie both the malicious prosecution and false arrest and imprisonment claims against her, the court finds that those claims share the same factual nexus. As a consequence, Defendant Schneider was on notice that litigation was arising out of a specific occurrence, and therefore she will not be prejudiced if the proposed false arrest and imprisonment claim is related back. Accordingly, pursuant to Rule 15©, the court finds that Plaintiffs' false arrest and imprisonment claim relates back to the filing of Plaintiffs' original Complaint and therefore is not statutorily barred by Colo. Rev. Stat. 13–80–103(1)(a).

Defendant Schneider also maintains that Plaintiffs' proposed false arrest and imprisonment claim is futile because Plaintiffs' only claims against the officers directly responsible for Officer Coyle's arrest and detention—specifically, Defendants Stoffel, Dillon, and Mesa County Sheriff's Office—are based on 42 U.S.C § 1983, for which a private plaintiff, like Defendant Schneider, cannot be held vicariously liable. (Schneider Resp. at 9–10.) In other words, Defendant Schneider argues that unless Plaintiffs assert a common law false arrest and imprisonment claim against Defendants Stoffel, Dillon, and Mesa County Sheriff's Office, such a claim cannot be maintained against Defendant Schneider. (*Id.*)

Defendant Schneider's former point is well-taken; private actors generally cannot be held liable under Section 1983. *Draeger v. Grand Cent., Inc.,* 504 F.2d 142, 146 (10th Cir. 1974); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (finding that the "under-color-

6

of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (citations and quotations omitted).  However, Defendant Schneider fails to cite, nor can the court otherwise locate, any case concluding that a false arrest or imprisonment claim against the arresting officers is a necessary precondition for liability against a private actor.  Instead, the only case cited by Defendant Schneider appears to suggests the opposite.  *Draeger,* 504 F.2d at 146 (noting that because a private actor cannot be held liable under § 1983, "the aggrieved person must look to common law actions for relief").  Consequently, at least at this juncture, the court finds that Defendant Schneider has failed to demonstrate that Plaintiffs' false arrest and imprisonment claim is clearly futile.

Finally, Defendant Schneider argues that this court should deny Plaintiffs' Motion because Plaintiffs have repeatedly attempted to amend their complaint to "make a claim stick to Defendant Schneider."  (Schneider Resp. at 10.)  A court has discretion to deny leave to amend where the party seeking leave has repeatedly failed "to cure deficiencies by amendments *previously allowed.*"  *Foman,* 371 U.S. at 182 (emphasis added).  However, Defendant Schneider does not dispute that Plaintiffs' prior amendments were permitted "as a matter of course."  Fed. R. Civ. P. 15(a)(1).  Consequently, because this is the first time that Plaintiffs seek leave of court to amend their complaint, denial of leave on these grounds would be premature and unwarranted.

## *B.     Sheriff Defendants' Objections*

The Sheriff Defendants object to Plaintiffs' Motion for a variety of reasons.  First, the Sheriff Defendants object to Plaintiffs' failure to specify where and whether Defendant Hilkey is being sued in his official capacity or his individual capacity.  (Sheriffs' Resp. at 2–3.)

Additionally, and consistent with this position, the Sheriff Defendants appear to argue that because Federal Rule of Civil Procedure 17(d) permits a plaintiff to simply name an elected official in order to reach that defendant in his official capacity, Plaintiffs' inclusion of the Mesa County Sheriff's Office as a defendant—in addition to Defendant Hilkey—is superfluous. (*Id.* at 3–4.)

The court does not interpret these arguments to assert that Plaintiffs' Second Amended Complaint is necessarily futile; rather, it appears that the Sheriff Defendants contend that the Plaintiffs' proposed Second Amended Complaint is less than a model of clarity. *See also Pride v. Does,* 997 F.3d 712, 715 (10th Cir. 1993) (finding that where the complaint fails to specify the capacity in which a government official is sued, courts "look to the substance of the pleadings and *the course of proceedings* in order to determine whether the suit is for individual or official liability") (emphasis added, citations omitted). While the court might be inclined to agree with the Sheriff Defendants on this point, under the liberal rules allowing amendment of the pleadings as "justice so requires," Fed. R. Civ. P. 15(a)(2), lack of clarity is simply not grounds for denial of leave to amend the pleadings.

The Sheriff Defendants next argue that Plaintiffs' sixth claim for relief impermissibly seeks to impose *respondeat superior* liability under Section 1983 against Defendant Hilkey, or at least fails to demonstrate the existence of a municipal custom or policy as required for a claim under *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 (1978). (Sheriffs' Resp. at 3–4.) Plaintiffs counter that they do not seek to impose either *respondeat superior* or *Monell*-type liability on Defendant Hilkey; rather, they purport to impose liability for Defendant Hilkey's alleged

ratification of impermissible conduct, pursuant to *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988).  (Reply at 9.)  Additionally, the Sheriff Defendants contend that Plaintiffs fail to sufficiently allege a Section 1983 conspiracy claim against Defendants Dillon, Stoffel, and Camper, and fail to allege any defects in the arrest affidavit to support their false arrest and imprisonment claim.  (Sheriffs' Resp. at 4–6.)  Finally, the Sheriff Defendants note that, given the procedural posture of Plaintiffs' Motion, they "are not required, nor even able to bring forward the full arguments and grounds for motions to dismiss." (*Id.* at 6–7.)

The court is persuaded by the Sheriff Defendants' final argument.  Indeed, "[r]ather than forc[ing] a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *General Steel Domestic Sales, LLC v. Steelwise, LLC,* 07–cv–01145–DME–KMT, 2008 WL 2520423, at *4 (D. Colo. June, 20, 2008) (recognizing that futility arguments under Rule 15(a) generally place "the cart before the horse").  This concern seems particularly acute here, where the arguments asserted do not amount to a wholesale, facial attack on Plaintiffs' Second Amended Complaint, but instead set forth more nuanced objections to particular claims.  Altogether, it appears prudent, and to the benefit of both the parties and the court, to leave the Sheriff Defendants' asserted and un-asserted arguments to a fully-briefed dispositive motion.

Therefore, it is ORDERED that

"Plaintiffs' Motion for Leave to File Second Amended Complaint and Jury Demand" (Doc. No. 22) is GRANTED.

The Clerk of Court is directed to file "Plaintiff's [Revised] Second Amended Complaint and Jury Demand" (Doc. No. 26–1) attached to "Plaintiffs' Motion for Leave to Substitute Exhibit 2 for Exhibit 1 to their Motion for Leave to file Second Amended Complaint and Jury Demand" (Doc. No. 26).

Dated this 27th day of December, 2010.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge